UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
ALFREDO PALACIOS, and MARLON REYES, individually
and on behalf of all others similarly situated,

         Plaintiffs,

-against-

MEISNER'S GOURMET CATERING, INC., MEISNER'S
KOSHER PREPARED FOODS INC., and SOLOMON
MEISNER and JOSEPH MEISNER, as individuals,

         Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

  Plaintiffs ALFREDO PALACIOS, and MARLON REYES, individually and on behalf of all others similarly situated (hereinafter, "Plaintiffs"), by and through their attorneys at Helen F. Dalton & Associates, P.C., allege, upon personal knowledge as to themselves, and upon information and belief as to other matters as follows:

### PRELIMINARY STATEMENT

1. Plaintiffs, ALFREDO PALACIOS, and MARLON REYES, individually and on behalf of all others similarly situated, through undersigned counsel, bring this action against Defendants MEISNER'S GOURMET CATERING, INC., MEISNER'S KOSHER PREPARED FOODS INC., and SOLOMON MEISNER and JOSEPH MEISNER, as individuals (hereinafter referred to as "Defendants"), to recover damages for Defendants' egregious violations of federal and state overtime wage and minimum wage laws arising out of the Plaintiffs' employment by MEISNER'S GOURMET CATERING, INC. and MEISNER'S KOSHER PREPARED FOODS INC., located at 341 Central Avenue, Lawrence, New York 11559.

2. As a result of the Defendants' violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

7. Plaintiff ALFREDO PALACIOS was employed by Defendant at MEISNER'S GOURMET CATERING, INC. and MEISNER'S KOSHER PREPARED FOODS INC. from in or around August 2016 to in or around March 2020.

8. Plaintiff MARLON REYES was employed by Defendant at MEISNER'S GOURMET CATERING, INC. and MEISNER'S KOSHER PREPARED FOODS INC. from in or around June 2015 to in or around March 2020.

9. Upon information and belief, Defendant MEISNER'S GOURMET CATERING, INC. is a New York domestic business corporation organized under, and existing by virtue of, the laws of the State of New York with a principal office located at 341 Central Ave, Lawrence, New York 11559.

10. Upon information and belief, Defendant MEISNER'S GOURMET CATERING, INC. is authorized to conduct and transact business under the laws of the State of New York.

11. Upon information and belief, Defendant, MEISNER'S KOSHER PREPARED FOODS INC., is a corporation organized under the laws of New York with a principal executive office at 2924 Avenue I, Brooklyn, New York 11210.

12. Upon information and belief, Defendant, MEISNER'S KOSHER PREPARED FOODS INC., is a corporation authorized to do business under the laws of New York.

13. Defendants MEISNER'S GOURMET CATERING, INC. and MEISNER'S KOSHER PREPARED FOODS INC., are hereinafter collectively referred to as the "Corporate Defendants."

14. At all times relevant to this action, the Corporate Defendants were and are enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).
15. At all times relevant to this action, the Corporate Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6), and employed and/or jointly employed Plaintiffs.
16. Upon information and belief, the Corporate Defendants shared common management, as all are owned by individual Defendant JOSEPH MEISNER and MEISNER'S GOURMET CATERING, INC is operated by individual Defendant SOLOMON MEISNER.
17. Upon information and belief, Defendants shared a common owner as individual Defendant JOSEPH MEISNER was an owner for both Corporate Defendants.
18. Upon information and belief, the Corporate Defendants shared the same pay practices to pay employees, including the Plaintiffs.
19. Upon information and belief, the Corporate Defendants managed the same properties.
20. Upon information and belief, the Corporate Defendants functioned as an integrated enterprise.
21. As such, at all times relevant hereto, the Corporate Defendants were joint employers of Plaintiffs.
22. Upon information and belief, Individual Defendant SOLOMON MEISNER owns and/or operates MEISNER'S GOURMET CATERING, INC.
23. Upon information and belief, Defendant SOLOMON MEISNER is the Chief Executive Officer of MEISNER'S GOURMET CATERING, INC.
24. Defendant SOLOMON MEISNER is an agent of MEISNER'S GOURMET CATERING, INC.
25. Defendant SOLOMON MEISNER has power over personnel decisions for the MEISNER'S GOURMET CATERING, INC., including the power over all personnel decisions as to Plaintiffs.
26. Upon information and belief, Defendant SOLOMON MEISNER has power over payroll decisions for the Corporate Defendants, including the power to set Plaintiffs' pay, adjust Plaintiffs' pay, and determine the manner and frequency in which the Plaintiffs were paid.

27. Defendant SOLOMON MEISNER has the power to hire and fire employees for MEISNER'S GOURMET CATERING, INC., where the Plaintiffs were primarily employed.
28. Defendant SOLOMON MEISNER establishes employees' wages, set employees' work schedules, and maintains employees' employment records, including Plaintiffs, for MEISNER'S GOURMET CATERING, INC.
29. During all relevant times herein, Defendant SOLOMON MEISNER was Plaintiffs' employer within the meaning of the FLSA and NYLL.
30. Upon information and belief, Defendant JOSEPH MEISNER is a Chief Executive Officer for the Corporate Defendants.
31. Defendant JOSEPH MEISNER has power over personnel decisions for the Corporate Defendants.
32. Defendant SOLOMON MEISNER distributed pay to employees of the Corporate Defendants, including the Plaintiffs.
33. Defendant SOLOMON MEISNER would inform Plaintiffs where they would need to go to perform work, would advise Plaintiffs what time to arrive at the job site and would provide Plaintiffs their pay.
34. Defendant SOLOMON MEISNER would supervise Plaintiffs on job sites and instruct Plaintiffs on what tasks needed to be performed.
35. Defendant SOLOMON MEISNER has the power to hire and fire employees at MEISNER'S GOURMET CATERING, INC., establish and pay their wages, set their work schedule, and maintains their employment records.
36. During all relevant times herein, Defendant SOLOMON MEISNER was Plaintiffs' employer within the meaning of the FLSA and NYLL.
37. On information and belief, MEISNER'S GOURMET CATERING, INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

38. On information and belief, MEISNER'S KOSHER PREPARED FOODS INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS
## ALFREDO PALACIOS

39. Plaintiff ALFREDO PALACIOS was employed by Defendants as a cook, food preparer, helper, and dish washer, while performing other miscellaneous duties from in or around August 2016 to in or around March 2020.
40. Plaintiff ALFREDO PALACIOS worked for Defendants approximately sixty-nine (69) hours or more hours per week from in or around August 2016 to in or around March 2020.
41. Plaintiff ALFREDO PALACIOS was paid by Defendants approximately $13.00 per hour from in or around August 2016 to in or around March 2020.
42. Although Plaintiff ALFREDO PALACIOS worked approximately sixty-nine (69) hours or more per week from in or around August 2016 to in or around March 2020, Defendants did not pay Plaintiff ALFREDO PALACIOS at a rate of time and a half (1.5) for all hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.
43. Furthermore, although Plaintiff ALFREDO PALACIOS worked shifts consisting of at least ten (10) hours or more in a day, five days per week, Defendants failed to pay Plaintiff an additional hour at his regular rate of pay for each day which he worked more than ten (10) hours, a violation of the spread of hour provisions contained within the New York Minimum Wage Act and its implementing regulations.

## MARLON REYES

44. Plaintiff MARLON REYES was employed by Defendants as a cook and food preparer, while performing other miscellaneous duties from in or around June 2015 to in or around March 2020.

45. Plaintiff MARLON REYES worked for Defendants approximately sixty-four (64) hours or more hours per week from in or around June 2015 to in or around March 2020.

46. Plaintiff MARLON REYES was paid by Defendants:
    i.   in 2015, approximately $16.00 per hour;
    ii.  in 2016, approximately $18.00 per hour;
    iii. in 2017, approximately $18.00 per hour;
    iv.  in 2018, approximately $18.00 per hour;
    v.   in 2019, approximately $22.00 per hour; and
    vi.  in 2020, approximately $22.00 per hour.

47. Although Plaintiff MARLON REYES worked approximately sixty-four (64) hours per week from in or around June 2015 to in or around March 2020, Defendants did not pay Plaintiff time at a rate of time and a half (1.5) for all hours worked over forty (40) in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

48. Furthermore, although Plaintiff MARLON REYES worked shifts consisting of at least ten (10) hours or more hours in a day, approximately five days per week, Defendants failed to pay Plaintiff an additional hour at the regular rate of pay for each day worked more than ten (10) hours, a violation of the spread of hour provisions contained within the New York Minimum Wage Act and its implementing regulations.

## DEFENDANTS' VIOLATIONS UNDER NYLL COMMON TO ALL PLAINTIFFS

49. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.

50. 39. Upon information and belief, Defendants willfully failed to maintain accurate and contemporaneous payroll records as required by both NYLL and the FLSA.

51. As a result of these violations of Federal and New York State labor laws, Plaintiffs seek compensatory damages and liquidated damages in an amount exceeding $100,000. Plaintiffs also seek interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

52. Plaintiffs bring this action on behalf of themselves and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the hereinafter the "Collective Class."
53. Collective Class: All persons who are or have been employed by the Defendants as counterpersons, cooks, food preparers, dish washers, helpers, waiters, busboy or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.
54. Upon information and belief, Defendants employed approximately 30 to 50 employees within the relevant time period who were subjected to similar payment structures.
55. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
56. Defendants' unlawful conduct has been widespread, repeated, and consistent.
57. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay and that Plaintiffs were paid below the applicable minimum wage.
58. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.
59. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants

who have been denied overtime pay and/or proper minimum wage in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

60. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
61. The claims of Plaintiffs are typical of the claims of the putative class.
62. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.
63. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

64. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
65. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
66. At all times relevant to this action, Plaintiffs were engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
67. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
68. Defendants willfully failed to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

69. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiffs.
70. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

71. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.
72. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.
73. Defendants failed to pay Plaintiffs overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652.
74. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Spread of Hours Compensation Under New York Labor Law

75. Plaintiffs re-allege and incorporate by reference all allegations contained within all preceding paragraphs as if same were more fully set forth herein.
76. Defendants willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§ 650 et seq.; 12 N.Y. C. R. R. § 146-1.6.

77. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants for their unpaid spread of hour compensation, reasonable attorneys' fees, and costs of the action, pursuant to N. Y. Labor Law § 663(1).

## FORTH CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

78. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

79. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

80. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

81. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

82. Defendants failed to provide Plaintiffs with wage statements upon each payment of wages, as required by NYLL §195(3).

83. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid spread of hours compensation;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

  f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

  g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.


Dated: Kew Gardens, New York
   This 4th day of March 2021.

By: _/s/ Roman Avshalumov_
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591
Fax: 718-263-9598

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALFREDO PALACIOS, and MARLON REYES, individually, and on behalf of all others similarly situated,

Plaintiffs,

-against-

MEISNER'S GOURMET CATERING, INC., MEISNER'S KOSHER PREPARED FOODS INC., and SOLOMON MEISNER and JOSEPH MEISNER, as individuals,

Defendants.

## COLLECTIVE ACTION COMPLAINT

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for Plaintiffs*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

**TO:**

**MEISNER'S GOURMET CATERING, INC.**
**341 CENTRAL AVENUE**
**LAWRENCE, NEW YORK 11559**

**MEISNER'S KOSHER PREPARED FOODS INC.**
**2924 AVENUE I**
**BROOKLYN, NEW YORK 11210**

**SOLOMON MEISNER**
**341 CENTRAL AVENUE**
**LAWRENCE, NEW YORK 11559**

**JOSEPH MEISNER**
**2924 AVENUE I**
**BROOKLYN, NEW YORK 11210**